IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE (TDCJ No. 1047716), Petitioner, | § § § § § | |
| V. | § § | No. 3:15-cv-3303-B-BN |
| GARY FITZSIMMONS, Respondent. | § § § § | (Consolidated With: No. 3:15-cv-3379-B-BN) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Demarcus Kenard Joe ("Joe"), a Texas inmate proceeding *pro se*, has filed two identical applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. *See Joe v. Fitzsimmons*, No. 3:15-cv-3303-B-BN, Dkt. No. 3; *Joe v. Fitzsimmons*, No. 3:15-cv-3379-B-BN, Dkt. No. 3. United States District Judge Jane J. Boyle referred both (ostensibly habeas) actions to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should construe Joe's Notice of "Withdraw from Counsel (Pro Se)" [Dkt. No. 8][1] as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively close this consolidated action unless Joe files an objection to this interpretation of his notice within 14 days

---

[1] All record citations in this case are to documents filed in No. 3:15-cv-3303-B-BN unless otherwise indicated.

of the date of this recommendation.

## Background

Although Joe's habeas applications reference two 2001 state convictions, for murder and capital murder, out of Dallas County, Texas, *see State v. Joe*, F-0121548-TW & F-0121550-TW (363rd Dist. Ct., Dallas Cnty., Tex. June 22, 2001), some allegations in the applications appear related to actions under 42 U.S.C. § 1983, *see id.* at 8 (listing as a ground for relief "Civil lawsuit" and requesting monetary damages). For that reason, and because Joe neither paid a filing fee nor moved for leave to proceed *in forma pauperis*, the Court issued a notice of deficiency and questionnaire [Dkt. No. 4], to which Joe has submitted verified responses, *see* Dkt. No. 5. Through his responses, Joe has confirmed that he is seeking both to vacate his state convictions and sentences and monetary damages. *See, e.g.*, Dkt. No. 5 at 3 (asked to "identify the relief that you are seeking in this lawsuit," Joe responded "dismissed [sic] capital charges and 'let me go home' with $600,000,000 million dollars check").

Joe also subsequently filed a notice in which he states:

> My name is Demarcus Kenard Joe #1047716 am an inmate prisoner on the James V. Allred unit I would like too [sic] "<u>Withdraw From Counsel (ProSe)</u>" on case no. <u>3:15-cv-3304-L-BF</u> also <u>cause no. 3:15-cv-3303-B-BN</u> and last but not less <u>cause no. 3:15-cv-3379</u> I appreciate your convience [sic] and help at this time today is October 28, 2015.

Dkt. No. 8 (emphasis in original).

## Legal Standards and Analysis

A notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) is self-executing. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may

-2-

dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see also Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("At the time plaintiffs filed their motion to dismiss the case was effectively terminated."); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *cf. Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 411 (S.D. Tex. 2011) ("Although styled a 'motion to dismiss,' Plaintiff's ... filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment.").

Courts have applied Rule 41(a)(1)(A)(i) to notices filed by prisoners proceeding *pro se. See, e.g., Robinson v. Vasque*, No. 1:07-cv-1177-AWI WMW, 2008 WL 2312795 (E.D. Cal. June 5, 2008), *rec. adopted*, 2008 WL 2915082 (E.D. Cal. July 25, 2008); *Schoultz v. United States*, Cr. No. 8:07-cr-01472-GRA-1 & C/A No. 8:13-cv-03140-GRA, 2015 WL 1057017 (D.S.C. Mar. 9, 2015). And the period of time for filing objections to this recommendation allows Joe sufficient time to object to this interpretation of his notice and inform the Court in writing that he wishes to continue to prosecute this consolidated action.

Here, moreover, it is very likely that Joe's habeas claims are time-barred, given that state court records available online indicate that Joe did not file a direct appeal and that the Texas Court of Criminal Appeals first considered a challenge to one state conviction, through an application for state post-conviction relief, in 2005. *See Ex parte Joe*, WR-61,767-01 (Tex. Crim. App.).

Also, to the extent that Joe is seeking monetary damages based on his state convictions, such a claim is "necessarily inconsistent with the validity of [his] conviction[s]." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)). And because it appears that neither of Joe's convictions has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, such a claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."). Any Section 1983 claim by Joe would also need to be made in an action separate from this consolidated habeas action. *Cf. Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam) ("'the creative joinder of actions' by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act ... should be discouraged (quoting *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998))).

**Recommendation**

The Court should construe Joe's Notice of "Withdraw from Counsel (Pro Se)" [Dkt. No. 8] as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively close this consolidated action. If, however, within 14 days of the date of this recommendation, Joe files an objection to this interpretation of his notice, the Court should refer this action back to the undersigned United States magistrate judge for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE