IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE (TDCJ No. 1047716), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-3303-B-BN |
| GARY FITZSIMMONS, | § § § | (Consolidated With: No. 3:15-cv-3379-B-BN) |
| Respondent. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Demarcus Kenard Joe ("Joe"), a Texas inmate, proceeding *pro se*, has filed two identical applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. *See Joe v. Fitzsimmons*, No. 3:15-cv-3303-B-BN, Dkt. No. 3; *Joe v. Fitzsimmons*, No. 3:15-cv-3379-B-BN, Dkt. No. 3. United States District Judge Jane J. Boyle referred both (ostensibly habeas) actions to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference.

On November 10, 2015, the undersigned recommended that the Court should construe Joe's Notice of "Withdraw from Counsel (Pro Se)" [Dkt. No. 8] as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and administratively close this consolidated action unless Joe files an objection to this interpretation of his notice within 14 days of the date of the recommendation (the "FCR"). *See* Dkt. No. 9.

On November 24, 2015, the Court received and docketed a pleading that has

been construed as an objection to the FCR and the interpretation of his earlier pleading as a voluntary notice of dismissal. *See* Dkt. No. 10. As such, the FCR [Dkt. No. 9] is WITHDRAWN, and the undersigned will resume pretrial management of this matter pursuant to Judge Boyle's standing order of reference. In furtherance of that, the Court repeats the following observations set out in the FCR:

> Here, it is very likely that Joe's habeas claims are time-barred, given that state court records available online indicate that Joe did not file a direct appeal and that the Texas Court of Criminal Appeals first considered a challenge to one state conviction, through an application for state post-conviction relief, in 2005. *See Ex parte Joe*, WR-61,767-01 (Tex. Crim. App.).
>
> Also, to the extent that Joe is seeking monetary damages based on his state convictions, such a claim is "necessarily inconsistent with the validity of [his] conviction[s]." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)). And because it appears that neither of Joe's convictions has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court, such a claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."). Any Section 1983 claim by Joe, moreover, would need to be made in an action separate from this consolidated habeas action. *Cf. Tuft v. Texas*, 397 F. App'x 59, 61 (5th Cir. 2010) (per curiam) ("'the

creative joinder of actions' by prisoner plaintiffs to avoid the strictures of the Prison Litigation Reform Act ... should be discouraged (quoting *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998))).

    SO ORDERED.

    DATED: November 25, 2015

    _____
    DAVID L. HORAN
    UNITED STATES MAGISTRATE JUDGE