IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE | § | |
| (TDCJ No. 1047716), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-3303-B-BN |
| | § | |
| GARY FITZSIMMONS, | § | (Consolidated With: |
| | § | No. 3:15-cv-3379-B-BN) |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Demarcus Kenard Joe ("Joe"), a Texas inmate proceeding *pro se*, has filed two

identical applications for writs of habeas corpus pursuant to 28 U.S.C. § 2254. *See Joe*

*v. Fitzsimmons*, No. 3:15-cv-3303-B-BN, Dkt. No. 3; *Joe v. Fitzsimmons*, No. 3:15-cv-

3379-B-BN, Dkt. No. 3.[1] After the (ostensibly habeas) actions were consolidated, *see*

Dkt. No. 7, United States District Judge Jane J. Boyle referred both actions to the

undersigned United States magistrate judge for pretrial management pursuant to 28

U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following

findings of fact, conclusions of law, and recommendation that the Court should dismiss

the habeas applications with prejudice on limitations grounds pursuant to Rule 4 of the

Rules Governing Section 2254 Cases. Further, to the extent that Joe is pressing a claim

for monetary damages, the Court should sever that claim, direct the Clerk of Court to

---

[1] All record citations are to Cause No. 3:15-cv-3303-B-BN unless otherwise
indicated.

open a new civil action, and close that action – dismissing Joe's monetary claim with prejudice to it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met – on the basis of any order adopting this recommendation.

**Applicable Background**

Although Joe's habeas applications reference two 2001 state convictions, for murder and capital murder, out of Dallas County, Texas, *see State v. Joe*, F-0121548-TW & F-0121550-TW (363rd Dist. Ct., Dallas Cnty., Tex. June 22, 2001), pursuant to which he is currently serving life sentences, some allegations in the applications appear related to an action under 42 U.S.C. § 1983, *see* Dkt. No. 3 at 8 (listing as a ground for relief "Civil lawsuit" and requesting monetary damages). For that reason, and because Joe neither paid a filing fee nor moved for leave to proceed *in forma pauperis* ("IFP"), the Court issued a notice of deficiency and questionnaire [Dkt. No. 4], to which Joe has submitted verified responses, *see* Dkt. No. 5. He also has moved for leave to proceed IFP. *See* Dkt. No. 6. Through his verified responses, Joe has confirmed that he is both seeking to vacate his state convictions and sentences and requesting monetary damages, *see, e.g.,* Dkt. No. 5 at 3 (asked to "identify the relief that you are seeking in this lawsuit," Joe responded "dismissed [sic] capital charges and 'let me go home' with $600,000,000 million dollars check").

Electronic records from the Texas Court of Criminal Appeals (the "TCCA") available online reflect that Joe did not directly appeal his state convictions and sentences and that the first of his several state applications for a writ of habeas corpus was denied without written order on the findings of the trial court, made without a live

hearing, on June 8, 2005. *See Ex parte Joe*, WR-61,767-01 (Tex. Crim. App. June 8, 2005). Joe's verified questionnaire responses further reveal that he has challenged his convictions – unsuccessfully – in the TCCA and that neither conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See* Dkt. No. 5 at 6-7.

## Legal Standards and Analysis

Habeas Relief

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state

post-conviction or other collateral review is pending is excluded from the limitations

period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable

tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314

F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.

1998).

> "Equitable tolling applies principally where the plaintiff is actively misled
> by the defendant about the cause of action or is prevented in some
> extraordinary way from asserting his rights." *Coleman v. Johnson*, 184
> F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation
> omitted). "[T]he principles of equitable tolling ... do not extend to what is
> at best a garden variety claim of excusable neglect." *Irwin v. Department
> of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal
> process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d
> 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which

the United States Court of Appeals for the Fifth Circuit affirmed the district court's

denial of equitable tolling because movant "was not misled about his cause of action or

prevented in an extraordinary way from asserting his rights" but, instead, failed to

mail his Section 2255 motion to the correct court within the limitation period, an error

the court of appeals characterized as "a 'garden variety' claim of excusable neglect,

which is insufficient to justify application of the doctrine of equitable tolling" (quoting

*Irwin*, 498 U.S. at 96)).

The Supreme Court has determined, further, that the AEDPA statute of

limitations can be overcome by a showing of "actual innocence." *See McQuiggin v.

Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only

available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held

that, "even though the statute of limitations provision of the AEDPA is an affirmative

defense rather than jurisdictional, the magistrate judge and district court did not err

by raising the defense *sua sponte.*" *Id.* at 329 (noting the district court's "decision to do

so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases,

as well as the precedent of this Court").

Here, even assuming that the AEDPA's one-year limitations period did not start

to run until the TCCA denied Joe's state writ application on June 8, 2005, absent

tolling of the limitations period, his federal habeas application, dated October 7, 2015,

is untimely by more than nine years. Thus, the current application is due to be

dismissed absent tolling of the limitations period.

Joe does not claim that he is actually (factually) innocent, and he does not even

allege, much less does he attempt to show, that the filing delay should be excused by

arguing that equitable tolling applies. *See* Dkt. No. 3 at 10; *see also Holland v. Florida*,

560 U.S. 631, 649 (2010) (a petitioner "is 'entitled to equitable tolling' only if he shows

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing" (quoting *Pace v.

DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on"

Joe "to show rare, exceptional, or extraordinary circumstances beyond his control that

made it impossible for him to timely file" his Section 2254 habeas application. *Montes

v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3

(N.D. Tex. Oct. 15, 2014) (citations omitted). This he has not done.

Monetary Damages

A petitioner who "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit." *Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011). And, where a prisoner brings both "habeas and § 1983 claims," the district court is "required" to "'separate the claims and decide the § 1983 claims.'" *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam); further collected cases omitted); *see also, e.g., Frankin v. Bd. of Pardons & Paroles*, No. 3:10-cv-1830-K (BK), 2010 WL 4668471, at *2 (N.D. Tex. Oct. 19, 2010), *rec. adopted*, 2010 WL 4668464 (N.D. Tex. Nov. 8, 2010) ("construing Petitioner's memorandum in support of the petition as also raising a section 1983 claim," dismissing habeas petition without prejudice for failure to exhaust state court remedies, but also opening a new Section 1983 action); *Reed*, 2011 WL 3924171, at *2 ("in an abundance of caution, sever[ing] the case into a civil rights claim and [a] habeas corpus petition" (citation omitted)).

To the extent that Joe is seeking monetary damages related to his state convictions, such a claim is "necessarily inconsistent with the validity of [his] conviction[s]," *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)), because – as Joe admits in his verified questionnaire responses, *see* Dkt. No. 5 at 6-7 – his convictions have not been reversed

on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. Thus, his monetary damages claim is currently barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting 512 U.S. at 486; citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (in which the Fifth Circuit determined it was bound to apply *Heck*'s "favorable termination" requirement to custodial as well as released inmates))).

As more recently explained by the Fifth Circuit,

> *Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." [*DeLeon*, 488 F.3d] at 498 n.14 (alteration omitted) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). This is because "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam);

*see also Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per curiam) ("[A]ccepting the version of events alleged by Whatley, his § 1983 claims were necessarily inconsistent with his assault of a public servant convictions and thus are barred by *Heck*." (citing *DeLeon*, 488 F.3d at 656-57)).

### Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Joe's applications for writs of habeas corpus with prejudice because they are barred by limitations. As to Joe's claim for monetary damages under Section 1983, the Court should sever that claim; direct the Clerk of Court to open a new civil action (Nature of Suit: 550), assigned directly to United States District Judge Jane J. Boyle and United States Magistrate Judge David L. Horan; and close that action – dismissing Joe's monetary claim with prejudice to it being asserted again until the *Heck* conditions are met – on the basis of any order adopting this recommendation. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Elizabeth Goettert and Laura Haney, Assistant Attorneys General, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE